UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

CASE NO.:

CHRISTOPHER BABULA,

     Plaintiff,

v.

MAGICAL CRUISE COMPANY, LTD.
d/b/a DISNEY CRUISE LINE,

     Defendant.

                                   /

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, Christopher Babula, by and through his undersigned counsel, hereby sues the Defendant, Magical Cruise Company d/b/a Disney Cruise Line ("Disney").

## THE PARTIES AND JURISDICTION

1.      Plaintiff, Christopher Babula, is a citizen and resident of Fords, New Jersey, United States.

2.      Disney is a subsidiary of The Walt Disney Company. It is a United Kingdom limited liability company, registered, and authorized to transact business in the State of Florida, with its principal place of business in Celebration, Florida.

3.      At all relevant times, Plaintiff was a passenger aboard a cruise ship owned and operated by Disney, and, accordingly, was an invitee while on the *Treasure.*

4.      At all material times, Disney owned and operated the *Treasure,* the cruise ship on which Plaintiff's incident occurred.

5.    This Court has diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity among the Parties.

6.    This Court has admiralty jurisdiction under 28 U.S.C. § 1333(1) because the incident occurred on navigable waters and relates to maritime activity.

7.    Plaintiff's claims are also governed by the general maritime law of the United States as the injury occurred on navigable water and relates to maritime activity.

8.    Venue is proper in this district pursuant to the forum-selection clause in the Passenger Contract Ticket issued by Disney.

9.    This Court has personal jurisdiction over Disney, which maintains its principal place of business in this district, regularly conducts business in this state, and whose vessels, including the *Treasure*, regularly and continuously enter United States waters, including Florida waters.

10.    All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

### ALLEGATIONS COMMON TO ALL COUNTS

11.    On August 3, 2025, Plaintiff was in a hot tub in the Senses Spa area located on Deck 5 of the *Treasure*. As Plaintiff descended the steps in the metal hot tub, he slipped and fell on its unreasonably slippery flooring, sustaining injuries including, but not limited to, injuries to his right knee, neck, and back.

12.    Upon information and belief, the spa area contained two hot tubs, each of which was required to have anti-skid mats and/or nonslip materials on the steps and the flooring to prevent passengers from slipping. Upon information and belief, a specific crewmember of the spa

department was assigned to place and maintain the anti-skid mats and/or nonslip materials in the hot tubs and to ensure it remained present whenever passengers were using them.

13.    At all material times, the subject hot tub had no anti-skid mats and/or nonslip materials on the steps or its flooring, whereas the adjacent hot tub had the required anti-skid mats and/or nonslip materials in place.

14.    In the immediate aftermath of the fall, an unidentified Disney crewmember acknowledged to Plaintiff that the subject hot tub should have had anti-skid mats and/or nonslip materials on the steps and flooring.

15.    At material times, there were no wet-floor signs, caution signs, cones, or warnings of any kind posted in the area.

16.    At all material times, the steps of the hot tub were wet and unreasonably slippery.

17.    The dangerous condition of the hot tub's steps was not open and obvious to Plaintiff because the degree of slipperiness of the steps was not readily appreciable. Therefore, he had no reason to anticipate a dangerously slippery surface.

18.    Disney's crewmembers, by contrast, are trained to identify and report slip hazards, wet surfaces, and other safety risks in passenger areas as part of their routine duties. Upon information and belief, the specific crewmember who was assigned to place the anti-skid mats and/or nonslip materials and the other crewmembers working in the spa area who maintained the hot tub failed to identify, correct, or warn of the hazardous condition of the unreasonably slippery steps where Plaintiff fell.

19.    Disney's failure to discover and correct the hazard, despite having trained personnel in the immediate vicinity, further demonstrates that the condition was not open and obvious to ordinary passengers but was discoverable by the carrier through the exercise of reasonable care.

20.    There is evidence of Disney's actual and/or constructive notice of the dangerous conditions in Disney's documentation. Disney maintains databases logging prior passenger complaints regarding the slipperiness of the subject hot tub steps and prior incidents of slips and falls. Disney discusses and documents hazards on its ships during shipboard meetings memorialized in meeting minutes. Disney also inspects the subject hot tub flooring through crewmembers and retained experts and contractors who generate reports.

21.    After Plaintiff's fall, an unidentified crewmember told Plaintiff that the hot tub should have had anti-skid mats and/or nonslip materials on the steps and the flooring of the hot tub. The crewmember's admission evidences that Disney, though its crewmembers, agents, and/or representatives, knew, or should have known, that not having anti-skid mats and/or nonslip materials in the hot tub was dangerous. The identity of the crewmember is within Disney's exclusive knowledge and control. Plaintiff's assertions about the crewmember will likely have evidentiary support after a reasonable opportunity for discovery, including inspection of surveillance footage, crew logs, cleaning schedules, and incident reports.

22.    Upon information and belief, Disney placed an anti-skid mats and/or nonslip materials in the subject hot tub after Plaintiff's fall. This corrective action demonstrates the feasibility of installing anti-skid material and confirms Disney's ownership and control of the area.

23.    Upon information and belief, prior to Plaintiff's incident, other passengers aboard Disney vessels were similarly injured falling in the same or substantially similar hot tubs on Disney *Wish-class* cruise ships owned and operated by Disney, including the *Wish*, *Treasure*, *Destiny*, and *Believe*. Upon information and belief, the vessels in the same class use a substantially similar hot tub. Therefore, slip and fall incidents occurring in substantially similar hot tubs on vessels in the same class place Disney on actual and/or constructive notice of the dangerous condition that

caused Plaintiff's injuries. The prior incidents are within Disney's exclusive knowledge and control. Plaintiff's assertions about prior incidents will likely have evidentiary support after a reasonable opportunity for discovery, including taking depositions and receiving responses to written discovery requests.

24.     Upon information and belief, the unreasonably slippery condition existed for a sufficient period prior to Plaintiff's fall that it could and should have been discovered and corrected through the exercise of reasonable care. Plaintiff was in and around the area for several minutes, which is sufficient time to invite corrective measures. The specific duration, however, is within Disney's exclusive knowledge and control. Plaintiff's assertions about the length of time the condition existed will likely have evidentiary support after a reasonable opportunity for discovery, including inspection of surveillance footage, crew logs, cleaning schedules, and incident reports.

25.     As a result of Disney's negligence, Plaintiff slipped and fell aboard the vessel, sustaining right knee, neck, and back injuries. As a result, Plaintiff has incurred and will continue to incur significant medical expenses. In addition, Plaintiff has endured and continues to endure pain, suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, and loss of capacity for the enjoyment of life. These damages are permanent or continuing in nature.

### COUNT I - NEGLIGENT MAINTENANCE

Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 25, above.

26.     Disney had a duty to exercise reasonable care under the circumstances, including maintaining the subject hot tub in a safe condition for passenger use.

27.    Disney had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 20 through 24 above and incorporated herein.

28.    Disney breached its duty by, among other things:

a. Allowing the hot tub to remain without anti-skid mats and/or nonslip materials on the steps and flooring, thereby failing to address the unreasonably slippery flooring;

b. Failing to adequately and regularly inspect the hot tub to determine whether it was unreasonably dangerous due to the lack of anti-skid mats and/or nonslip materials on the steps and flooring;

c. Failing to restrict passenger access to the hot tub where there were no anti-skid mats and/or nonslip materials on the steps and flooring;

d. Failing to comply with applicable industry standards;

e. Failing to adequately and regularly monitor the hot tub to maintain it free of known, foreseeable dangerous conditions, including the lack of anti-skid mats and/or nonslip materials; and/or

f. Failing to ensure the hot tub was maintained in a reasonably safe condition considering the anticipated and foreseeable slipperiness without anti-skid mats and/or nonslip materials.

29.    Disney's failure to maintain the hot tub in a safe manner proximately caused Plaintiff's injuries. Had Disney properly maintained and inspected the area, including placing the required anti-skid mats and/or nonslip materials on the steps and flooring, Plaintiff would not have slipped, fallen, and been injured.

30.     As a direct and proximate result of Disney's negligent maintenance, Plaintiff has and will continue to suffer damages in the past and in the future as described in paragraph 25 and incorporated herein.

**WHEREFORE,** Plaintiff demands judgment against Disney for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT II - NEGLIGENT FAILURE TO WARN

Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 25, above.

31.     Disney owes a duty to exercise reasonable care under the circumstances for the safety of its passengers. It owes a duty to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit. Disney's duty of care includes warning of dangerous conditions on board the *Treasure*, including the dangerously slippery hot tub steps and flooring where Plaintiff slipped and fell.

32.     Disney had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 20 through 24 above and incorporated herein.

33.     Disney breached its duties to Plaintiff by its actions and conduct, including but not limited to:

a. Failing to reasonably and regularly place signs, stickers, lights, cones, and other visual or written notices on or near the subject area where Plaintiff slipped and fell;

b. Failing to cordon off the area or place physical barriers to prevent access to the hot tub;

c. Failing to warn Plaintiff that the steps and flooring of the hot tub were unreasonably slippery when wet;

d. Failing to verbally warn approaching passengers of the slip hazard; and/or

e. Failing to comply with applicable industry standards, statutes, and/or regulations.

34. Disney's failure to properly warn Plaintiff of the dangerous conditions on board the *Treasure*, including the wet and unreasonably slippery hot tub, proximately caused Plaintiff's injuries. Had Disney properly warned Plaintiff of the dangerous condition, he would have been aware of the wet and slippery steps and floor and either avoided the hazard or would have taken precautions to avoid the hazard. Plaintiff therefore would not have slipped, fallen, and been injured.

35. As a direct and proximate result of Disney's negligent failure to warn, Plaintiff has and will suffer damages in the past and in the future as described in paragraph 25 and incorporated herein.

**WHEREFORE,** Plaintiff demands judgment against Disney for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from

the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT III - NEGLIGENT DESIGN, CONSTRUCTION, AND SELECTION OF MATERIALS

Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 25, above.

36.     This is an action against Disney for its negligent design, construction and selection of the subject hot tub used aboard the *Treasure*.

37.     Disney owes a duty to exercise reasonable care under the circumstances for the safety of its passengers. Disney's duty to design, construct and select materials for all areas and features of its vessels, including the subject hot tub, is part of Disney's duty of reasonable care under the circumstances. Disney had a duty to design the subject area including the hot tub in a reasonably safe manner and in accordance with industry standards.

38.     Disney has all of its ships, including the *Treasure*, custom made to its own design and specifications. Disney participated in and/or approved of the design of the subject area including the placement, construction, and configuration of the hot tub. Disney participated in and/or approved of the selection of the materials for the subject area, including the type of hot tub used in the area.

39.     At all times Disney had the ultimate control over the design and construction of the *Treasure*. Disney had the right to inspect both the designs on paper and the design and construction at the yard. Disney had the right under its contract with the yard to approve or reject the design, construction and selection of all materials to construct all aspects of the *Treasure* including the subject area. Disney approved of the design, construction, and selection of the hot tub as demonstrated by the fact that Disney has operated and maintained the ship at all material times.

40. The hot tub is a place in which the presence of water is foreseeable and recurring due to the hot tub being filled with water for passenger use. Disney knew or should have known that the hot tub would be routinely exposed to water. Disney knew or should have known that the hot tub it chose and installed in the spa was inadequately designed because the steps and flooring became unreasonably slippery when wet, creating a dangerous slip hazard for passengers.

41. Disney designed and/or approved the spa area to have a hot tub without adequate non-skid mats, slip-resistant flooring materials, non-slip coatings, or other design features that would have prevented the hot tub steps and flooring from becoming dangerously slippery when wet.

42. Disney breached its duty of care owed to Plaintiff and was negligent by approving, designing, constructing, and/or selecting the hot tub in the spa area aboard the *Treasure*. Disney failed to design, construct, select and/or approve a hot tub that complied with industry standards. The hot tubs that Disney approved, selected and/or used in the area were unreasonably dangerous and prone to becoming dangerously slippery when wet. Disney could have selected a different hot tub with an appropriate coefficient of friction under the circumstances but chose not to.

43. Disney had actual notice and/or constructive notice of the dangerous condition as alleged in paragraphs 20 through 24 above and incorporated herein.

44. Disney's negligent design, construction, approval, and/or selection of a hot tub with an unreasonably slippery steps and flooring proximately caused Plaintiff's injuries. Had Disney properly designed, constructed, approved, and/or selected a hot tub with slip-resistant steps and flooring, the steps and flooring would not have become dangerously slippery when wet, and Plaintiff would never have slipped, fallen and been injured.

45. As a result of Disney's negligent design, construction, approval, and/or selection of materials, Plaintiff has and will suffer damages in the past and in the future as described in paragraph 25 and incorporated herein.

WHEREFORE, Plaintiff demands Judgment against Disney for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

### COUNT IV – NEGLIGENCE UNDER VICARIOUS LIABILITY

Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 19 and 25, above.

46. Upon information and belief, Disney assigned a specific crewmember from the spa department to place the anti-skid mats and/or material in the hot tub.

47. At all material times, the crewmember from the spa department who was assigned to place the anti-skid mats and/or material in the hot tub that day was specifically assigned the duty and responsibility of placing anti-skid mats and/or material in the hot tub in the Senses Spa.

48. At all material times, the specific crewmember from the spa department who was assigned to place the anti-skid mats and/or material in the hot tub was acting in the course and scope of their employment with Disney.

49.     Disney is vicariously liable for the negligent acts and omissions of its crewmembers, employees, and/or agents committed within the course and scope of their employment and/or agency, under the doctrine of respondeat superior.

50.     At all material times, this crewmember had a duty to act reasonably under the circumstances.

51.     On August 3, 2025, this crewmember negligently failed to place the anti-skid mats and/or material on the steps and flooring of the subject hot tub, leaving the hot tub in a dangerously slippery condition.

52.     In failing to place the anti-skid mats and/or material, this crewmember breached the duty of care owed to Plaintiff by:

   a.   Failing to place the assigned anti-skid mats and/or nonslip materials in the hot tub;

   b.   Failing to inspect the subject hot tub to confirm that the anti-skid mats and/or nonslip materials had been placed in the hot tub;

   c.   Failing to warn Plaintiff that the anti-skid mats had not been placed in the hot tub; and/or

   d.   Otherwise failing to exercise reasonable care in the performance of their duties.

53.     The negligent acts and omissions of Disney's crewmember occurred within the course and scope of their employment and/or agency with Disney, and Disney is therefore vicariously liable for the resulting harm.

54.     As a direct and proximate result of Disney's crewmember's negligence, for which Disney is vicariously liable, Plaintiff has and will continue to suffer damages in the past and in the future as described in paragraph 25 and incorporated herein.

**WHEREFORE,** Plaintiff demands judgment against Disney for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable of right.

Submitted this 29th day of July 2026.

By: /s/ *Garrett Keane*
GARRETT KEANE, ESQ.
FBN: 1010256
Primary email:garrett.keane@forthepeople.com
Secondary email: Stephanie.Garcia@forthepeople.com
Tertiary email: leeha.vargasfranco@forthepeople.com
Morgan & Morgan, P.A.
703 Waterford Way #1000,
Miami, FL 33126
Phone: (786)450-5829
Counsel for the Plaintiff